0840

Janice TURNER, Appellant v. NORTH CHARLESTON POLICE DEPARTMENT and City of North Charleston, Respondents.

(351 S. E. (2d) 583)

Court of Appeals

*Harriet Johnson* and *Ray P. McClain*, of *McClain and Derfner*, Charleston, *for appellant.*

*James E. Gonzales*, of *Gonzales & Gonzales*, North Charleston, *for respondents.*

Heard Nov. 19, 1986.

Decided Dec. 15, 1986.

SHAW, Judge:

Appellant, Janice Turner, brought this action against respondents, North Charleston Police Department and City of North Charleston, under the South Carolina Freedom of Information Act (FOIA), S. C. Code Ann. § 30-4-10 *et seq.* (Supp. 1985). Turner seeks access to certain tape recordings, written files, and computerized "Daily Activity Sheets." The trial court granted Turner access to the Daily Activity Sheets, but not to the recordings or files.[1] Turner appeals and we affirm.

Turner's request for information followed a couple of violent altercations between Turner and her ex-husband, Vernon Fair, which ended in Turner being shot and seriously wounded. Turner claims during this time she and her family made a number of calls to the police department concerning her problems with Fair.

In April of 1985, Turner's attorney wrote the police department requesting:

> ... copies of transcripts of or access to the original tapes of telephone complaints or reports received ... for the week of November 4, 1984, through November 11, 1984, inclusive. Additionally, I request any documents, including incident reports, police logs, or any written material whatsoever, concerning the shooting of Janice Turner Fair in August, 1984 and November, 1984. It is my understanding this request shall be acted upon within fifteen (15) working days.

---

[1] Counsel for Turner notified this court at oral argument she has now received all the material she desires. However, she still seeks declaratory relief and attorney's fees.

In another letter, Turner's attorney claimed Turner was entitled to inspect "any files with regard to prior call-ins or prior investigations of Mr. Fair, not concerning the November 9, 1984, shooting. . . ." These requests were refused and on April 25, 1985, the City Council of North Charleston passed a motion denying Turner access to the requested information, except for incident reports. Turner then filed this action.

The city council was advised by Chief of Police, J. Al Cannon, Jr., the tapes Turner requested contained very sensitive police communications and included calls from regular informants as well as Crimestopper calls from citizens. The council was also notified the November shooting of Turner was "presently pending for indictment and prosecution in the next few weeks." Section 30-4-40(a) (3)(B) of the FOIA provides a specific exception for "records of law enforcement and public safety agencies not otherwise available by law that were compiled in the process of detecting and investigating crime if the disclosure of the information would harm the agency by . . . the premature release of information to be used in prospective law enforcement action." The trial court found this exception was applicable in the instant case. We agree and affirm.

Affirmed.

SANDERS, C. J., and GARDNER, J., concur.